**IT IS ORDERED as set forth below:**

**Date: May 29, 2020**

_____

**Jeffery W. Cavender
U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 20-62841-JWC |
| PAUL MIKE LOUIS and MARISHKA EDMOND LOUIS, | CHAPTER 13 |
| Debtors. | |
| MSE SUB I LLC, | |
| Movant, | CONTESTED MATTER |
| v. | |
| PAUL MIKE LOUIS and MARISHKA EDMOND LOUIS, Debtors, and NANCY J. WHALEY, Trustee, | |
| Respondents. | |

## ORDER

**THIS MATTER** is before the Court on the *Motion for Relief from Stay* (Doc. No. 10) (the

1

"Motion") filed by MSE Sub 1 LLC (the "Movant").  The Court held an initial hearing on the Motion on March 10, 2020 at which counsel for Movant, counsel for Paul Mike Louis and Marishka Edmond Louis ("Debtors"), and counsel for Nancy J. Whaley, as chapter 13 trustee ("Trustee") appeared.  Counsel for Debtors requested a continuance to allow time to review documents provided by Movant at the initial hearing, which the Court granted.  The Court held the continued hearing on April 7, 2020, at which the same counsel for each party appeared.[1]  The Court took the matter under advisement at the conclusion of the continued hearing.  Upon review of the Motion and documents provided by Movant at the initial hearing, the arguments of counsel at both hearings, the record in Debtors' bankruptcy case, and relevant authority, the Court will deny the Motion without prejudice for the reasons set forth below.

## BACKGROUND

Debtors filed a petition for relief under chapter 13 of Title 11 of the United States Code (the "Bankruptcy Code")[2] on February 17, 2020.  Debtors scheduled fee simple ownership of real property located at 5399 Kristian Ct., Stone Mountain, GA 30088 (the "Property") with a scheduled value of $151,284.

Movant filed the Motion on February 19, 2020.  The Motion asserts that Movant is the owner of the Property pursuant to a Bond for Title agreement entered into by Debtors and HS Property Owner, LLC ("HS" or "Seller") on October 24, 2014 (the "Bond for Title").  Movant is the holder of Seller's rights under the Bond for Title by virtue of assignments attached to the Motion.

The Bond for Title, in summary, provides for the sale of the Property by Seller to Debtors for

---

[1] The hearing on April 7, 2020 was telephonic because of the ongoing COVID-19 pandemic.  The Court asked the parties if they had any evidence or issues that could not be presented or addressed because of the telephonic nature of the hearing.  The parties stated they had none.

[2] All statutory references herein are to the Bankruptcy Code unless otherwise specified.

2

the purchase price of $89,900.  Title to the Property, however, remains in Seller until Debtors pay the full amount of the purchase price according to the terms of the Bond for Title.  Specifically, after paying $2,000 at closing, Debtors must pay the balance of $87,900 plus interest accruing at 7.9% in equal monthly payments of $638.86 on the first of each month for 360 months.  Debtors also must make monthly escrow payments for taxes and insurance and maintain insurance on the Property. Upon payment in full under the Bond for Title, Seller must transfer title for the Property to Debtors by warranty deed.  In many ways, the Bond for Title works much like a fully amortizing 30-year mortgage or deed to secure debt commonly used to finance real estate purchases in the state of Georgia.  A key difference with the Bond for Title is that Seller finances the purchase price and retains title to the Property until payments are complete, transferring title by deed to Debtors only upon payment in full.   As the Bond for Title provides:

> "[t]he parties' intent in this transaction shall be considered a postponement of the sale and closing of the property, coupled with permission to occupy said property . . . until . . . payment in full of the balance of the purchase price has been accomplished.  This Agreement in and of itself shall not be deemed a 'sale' but rather shall be deemed an agreement of occupancy and/or for deed as hereinbove described."

Bond for Title ¶ 5.  Another key distinction between the Bond for Title and virtually all deeds to secure debt in Georgia is that the Bond for Title does not contain a power of sale clause.  Instead, in the event of default by Debtors, "Seller may elect to bring any and all remedies available at law or equity against [Debtors] for specific performance of this Agreement, including but not limited to dispossessory actions or judicial foreclosure . . . ."  *Id.* at ¶ 6.

Debtors defaulted under the terms of the Bond for Title, and Movant filed suit in the Superior Court of DeKalb County (the "State Court"), Case No. 19CVC2771 (the "State Court Action") at some point on or before March 21, 2019.  Debtors failed to respond in the State Court Action but filed bankruptcy case 19-59248 in this Court on June 13, 2019.  The next day, on June 14, 2019, the

3

State Court entered an Order and Judgment in favor of Movant and against Debtors "declaring that [Debtors] are in default under the terms of Title for Bond executed in favor of [Movant] and further declaring that [Movant] is the fee simple title owner of the [P]roperty . . . ."  Motion, Ex. D.  While it appears that Order and Judgment was void as a violation of the automatic stay in place during Debtors' previous bankruptcy case,[3] the previous case was dismissed September 19, 2019 without a discharge.  Subsequently, Movant sought to set aside the first Order and Judgment, which the State Court did by Order dated January 30, 2020.  The State Court also entered a new Order and Judgment on January 30, 3020 (the "State Court Judgment"), which appears to be identical to the first Order and Judgment except for the dates.  Because no stay was in effect on January 30, 2020, the State Court Judgment appears to be valid and binding on Debtors, and Debtors offered no argument to the contrary at either hearing.

Movant initiated dispossessory proceedings in the Magistrate Court of DeKalb County, Case No. 20D03299, which was set for trial on February 20, 2020 when Debtors filed the current bankruptcy case.  Movant now seeks relief from the stay in this case to proceed with the dispossessory proceeding, arguing the State Court Judgment fully adjudicated the relative rights of the parties in the Property and divested Debtors of any rights in the Property.  Debtors request the Court treat the Bond for Title like a deed to secure debt under Georgia law and require Movant to foreclose on the Property before Debtors' equitable rights in the Property are terminated.  Trustee took no position except to state that if the estate has an interest in the Property, there appears to be equity in the Property that could benefit creditors of the estate.  Movant did not challenge Trustee's statement regarding equity in the Property.

## **ANALYSIS**

---

[3] Debtors have not alleged that entry of the Order and Judgment was a willful violation of the automatic stay or that Movant had notice of the previous bankruptcy case at the time the Order and Judgment entered.

The Court may grant relief from the automatic stay "(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; [or] (2) with respect to a stay of an act against property under [§ 362(a)], if — (A) the debtor does not have equity in such property; and (B) such property is not necessary to an effective reorganization…." 11 U.S.C. § 362(d). Pursuant to § 362(g), the party requesting stay relief has the burden of proof on the issue of the debtor's equity in property, and the party opposing such relief has the burden of proof on all other issues. 11 U.S.C. § 362(g). Though the ultimate burden of proof may rest with the party opposing relief on all issues other than equity in the Property, "[t]he party asserting that cause exists has the burden of establishing the legally sufficient basis for such relief." *See In re Makarewicz*, 121 B.R. at 264-265 (quoting *In re CLC of America, Inc.*, 68 B.R. 512 (Bankr.E.D.Mo.1986)). When a party seeks relief under § 362(d)(1), it must "establish a prima facie case for such relief." *In re Kane,* 27 B.R. 902, 904 (Bankr. M.D. Pa. 1983). "When the creditor establishes this prima facie case, it is then the debtor's obligation to come forward with evidence that the creditor's position is adequately protected." *Id.* at 905. The Motion does not specify which subsection entitles Movant to relief from stay, but whether stay relief is analyzed for "cause" under § 362(d)(1) or lack of equity in the Property under § 362(d)(2), the threshold issue is what interest, if any, does the estate hold in the Property?

Movant asserts the State Court Judgment fully adjudicated the rights of Debtors in the Property, essentially divesting Debtors of any interest in the Property other than possession. Debtors assert the Bond for Title should be treated like a deed to secure debt, with Debtors retaining equitable rights in the Property following the State Court Judgment that became property of the estate under § 541.

Section 541 broadly defines property of the estate to include "all legal or equitable

5

interests of the debtor in property as of the commencement of the case." 11 U.S.C. 541(a). While federal law determines what constitutes property of the estate, state law determines the nature of a debtor's interest in property. *See Two Trees v. Builders Transport, Inc. In re Builders Transport, Inc.)*, 471 F.3d 1178, 1185 (11th Cir. 2006)

Neither party cites any authority to support their positions other than Debtors' citation to the unpublished opinion *In re Alexander*, Case No. 17-63938-MGD (Bankr. N.D. Ga. Nov. 13, 2017). That case analyzed whether a debtor could treat a redemption claim on a tax lien over the life of a chapter 13 plan even though legal title was in the name of the purchaser of the tax lien at a valid sale pursuant to Georgia law. In finding the redemption claim could be treated under the plan, the court ruled the debtor retained all rights in the property other than legal title until the statutory right of redemption expired pursuant to Georgia law. While the case is not directly applicable to the current facts, it is instructive because it teaches that legal title is not dispositive of whether a debtor, and thus a bankruptcy estate, holds rights in real property. The court likened the right of redemption on a tax lien to the right of redemption under a deed to secure debt. In both instances, although a debtor does not hold legal title to the property, it retains essentially all other rights associated with ownership of the subject property until the right of redemption expires under applicable law. *Id.* at 6-8. The question, then, is whether under Georgia law Debtors retained any right of redemption or other rights in the Property following the State Court Judgment.

Neither party has offered any authority regarding a debtor's rights under Georgia law in connection with the Bond for Title. The Court's own research, however, has uncovered a number of cases under Georgia law dealing with bonds for title and similar agreements through which a seller of real property finances the purchase price by retaining title to the subject property while the

6

purchaser takes possession and makes payments on the purchase price. Sometimes called bonds for title, sometimes called installment contracts, sometimes not having any specific name, courts in Georgia generally treat these agreements similarly in terms of the purchaser's rights and how the seller may extinguish the purchaser's rights. *See Crowell v. Williams*, 273 Ga. App. 676, 676-77 (2005). Georgia law generally considers the parties to such contracts to be in a vendor/vendee relationship and not a lessor/lessee relationship regardless of the contractual language. *See Lytle v. Scottish Am. Mortg. Co.*, 122 Ga. 458, 50 S.E. 402, 405 (1905). "Thus, the purchaser has possessory and equitable interests in the property." *In re Dry Creek Farms, LLC*, No. 09-43118-PWB, 2011 WL 9210473 (Bankr. N.D. Ga. Aug. 30, 2011) (analyzing installment sale contract but finding that Georgia courts treat installment contracts substantively the same as bonds for title and relying on case law under both installment contracts and bonds for title).

When a buyer defaults on a bond for title or similar purchase contract, Georgia law allows three remedies to the seller:

> (1) sue on the contract for damages and subject the land to levy and sale to collect the judgment; (2) rescind the contract and bring an action for ejectment; or (3) if the property is vacant, re-enter and take possession.

*Dry Creek Farms, LLC*, 2011 WL 9210473 at *2 (citing *e.g., Watkins v. Maddox Med. Assocs.*, 270 Ga. 404, 405, 509 S.E.2d 614 (1998); *Douglas v. Vourtsanis,* 203 Ga. 64, 65, 45 S.E.2d 203 (1947); *Wheeler v. Layman Found.,* 188 Ga. 267, 270–71, 3 S.E.2d 645 (1939); *Dukes v.. Baugh,* 91 Ga. 33, 16 S.E. 219 (1892); *McDaniel v. Gray & Co.,* 69 Ga. 433 (1882)). Because the Property is not vacant, only the first two options are available to Movant. Under either option (*i.e.*, a money judgment followed by sale or rescission and ejectment) a judicial action is required to divest Debtors of their equitable rights in the Property because the Bond for Title does not contain a power of sale. *See Watkins*, 509 S.E.2d at 616 ("if the document constituting a bond for title contains no power of sale, 'the equity of the purchaser must be foreclosed by some legal

proceeding, unless barred by adverse possession or abandonment.'" (citing Pindar, Ga. Real Estate Law and Procedure, § 20–72 (4th ed.1993))). Judicial action alone, however, is not necessarily enough to terminate Debtors' equitable rights in the Property. Even if a seller obtains a money judgment, the buyer retains an equitable right of redemption (*i.e.*, the right to satisfy the judgment) up until a sale of the property. *In re Dry Creek Farms*, 2011 WL 9210473 at *4. If, on the other hand, the seller obtains a judgment of rescission/ejectment, the buyer's equitable right of redemption is extinguished upon entry of the judgment rescinding the contract. *Id*. An important element of rescission, however, is that the parties must be restored to the pre-contract position, which usually requires that any purchase money be returned to the buyer less damages caused by the buyer's breach and reasonable rent for use of the property.[4] *Id.* (rescission includes corresponding obligation of restitution); *Crowell* 273 Ga. App. at 677-78.

Under Georgia law, therefore, Debtors held an equitable right of redemption under the Bond for Title that could be extinguished only through a judicial action. It is clear Movant has taken judicial action, but judicial action alone is not necessarily enough. If Movant obtained a money judgment on the Bond for Title, Debtors' right of redemption would continue until the Property is levied and sold in satisfaction of the judgment. If, on the other hand, Movant obtained a judgment of rescission, entry of such judgment would extinguish Debtors' right of redemption. The problem is that the State Court Judgment, on its face, is not clearly either a money judgment or a judgment of rescission. The only thing the State Court Judgment says is that Debtors "are in default under the terms of Title for Bond executed in favor of [Movant] and further declaring that

---

[4] Although the seller is entitled to reasonable rent of the property while the buyer is in possession, efforts to label contract payments as "rent" generally will be ignored as a penalty or forfeiture and will be considered purchase money. *See Lytle*, 50 S.E. at 405. The contract at issue here specifically states that all payments made prior to default will be forfeited as rent. See Bond for Title Sec. 6. The Court makes no determination regarding what rents would be owed under the Bond for Title or whether the designation of payments as rent would be unenforceable as a penalty.

8

[Movant] is the fee simple title owner of the [P]roperty . . . ." The State Court Judgment says nothing about any amounts due or owing and does not grant any monetary relief. Nor does it say anything about rescission. It declares Movant to be the fee simple title owner, but a main feature of a bond for title contract is that ownership remains with the seller subject to the obligation to convey title upon completion of the contract. *See Crowell v. Williams*, 273 Ga. App. 676, 677 ("bond for title refers in real estate to "[t]he seller's retention of legal title until the buyer pays the purchase price." (citing Black's Law Dictionary, p. 175 (7th ed.1999))); *see also* Bond for Title sec. 5. Given that Movant was already the legal title owner of the Property, it is not clear to the Court that declaring "fee simple" ownership in Movant was intended to rescind the Bond for Title and extinguish Debtors' equitable right of redemption. The Court is particularly hesitant to find the State Court Judgment rescinded the Bond for Title given the requirement under Georgia law for Movant to make restitution to Debtors for any amounts paid under the Bond for Title. Nothing in the record before the Court indicates that the State Court Action or Judgment addressed any restitution obligation of Movant.[5] The Court is therefore not convinced on the record before it that the State Court Judgment extinguished Debtors' right of redemption and other equitable rights in the Property.

Given the Court's conclusion that the State Court Judgment does not establish that Debtors' rights in the Property were extinguished prior to the petition date, the Court is not satisfied that Movant has met its burden to establish entitlement to relief from the stay. To the extent Movant seeks relief for cause, the only potential basis for cause is that the State Court Judgment divested Debtors, and therefore the estate, of any rights in the Property other than possession. As discussed

---

[5] In addition to the monthly payments made by Debtors, Debtors made a $2,000 down payment at closing. Movant may be entitled to keep all such amounts as reasonable rent or damages, but nothing before the Court indicates that the State Court considered or addressed those issues.

9

above, the Court finds Movant has not established a *prima facie* case that the State Court Judgment extinguished Debtors' equitable rights in the Property. Further, Movant did not contest Trustee's statements at the hearing that there is a significant equity cushion in the Property, and Movant has not provided any evidence regarding the value of the Property or the outstanding balance owed on the Bond for Title. Accordingly, Movant has not met its burden to show a lack of equity in the Property, and Movant is adequately protected by the equity cushion in the Property.

Notwithstanding the above, the Court acknowledges it is possible the State Court Judgment was intended to rescind the Bond for Title, and it is possible the complaint or other pleadings or proceedings in the State Court Action could establish that fact. The Court therefore will deny the Motion without prejudice to allow Movant the opportunity to supplement the record to establish that the State Court Judgment was in fact a rescission of the Bond for Title.

Accordingly,

**IT IS ORDERED** that the Motion be and is hereby **DENIED** without prejudice.

The Clerk's Office is directed to serve a copy of this Order on Movant's counsel, Debtor, Debtor's counsel, and the Chapter 13 Trustee.

### END OF DOCUMENT